UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR OLIVO,

                                      Plaintiff,                **COMPLAINT**

-against-                                                  14 CV 4966

                                                       Jury Trial Requested

CITY OF NEW YORK,
POLICE OFFICER - JOHN DOES, #1 through #6,
NYC POLICE COMMISSIONER RAYMOND KELLY, &
NYC MAYOR MICHAEL BLOOMBERG
                                      Defendants
-----------------------------------------------------------------X

## INTRODUCTION

The Plaintiff, complaining of the Defendants, by his attorney, STEVEN HUBERT, respectfully shows to this Court and alleges:

1. This is a civil action seeking damages against Defendants for

    a. Committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, including but not limited to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and

    b. For conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and

    c. For refusing or neglecting to prevent such deprivations and denials to Plaintiff.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR OLIVO,

                         Plaintiff,      **COMPLAINT**

-against-                                          14 CV    (    )

                                                    Jury Trial Requested

CITY OF NEW YORK,
POLICE OFFICER - JOHN DOE, #1,
POLICE OFFICER - JOHN DOE, #2.
POLICE OFFICER - JOHN DOE, #3,
POLICE OFFICER – JOHN DOES, #4-6
NYC POLICE COMMISSIONER RAYMOND KELLY, &
NYC MAYOR MICHAEL BLOOMBERG

                                    Defendants
------------------------------------------------------------------X

## INTRODUCTION

The Plaintiff, complaining of the Defendants, by his attorney, STEVEN HUBERT, respectfully shows to this Court and alleges:

1. This is a civil action seeking damages against Defendants for

    a. Committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, including but not limited to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and

    b. For conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and

    c. For refusing or neglecting to prevent such deprivations and denials to Plaintiff.

## JURISDICTION

2. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. §§1331 and 1343.

## PARTIES

3. Plaintiff is and was a citizen of the United States and resident of the County of Kings, City and State of New York.

4. Defendant City of New York (CITY) is a municipality duly incorporated under the laws of the State of New York

5. The City is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department (NYPD).

6. The NYPD acts as the City's agent in the area of law enforcement.

7. The CITY is ultimately responsible for the actions of its agent, NYPD.

8. Defendants JOHN DOES #1, #2 and #3 and others not presently known to the Plaintiff were, at all times material to this Complaint, duly appointed police officers of the City.

9. At all times material to this Complaint, Defendants JOHN DOES #1, #2 and #3 and other NYPD personnel not presently known to the Plaintiff acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of New York, City of New York, and the NYPD.

10. At all times relevant herein, Michael Bloomberg was the Mayor of the City of New York and the chief policy making official for the City and its departments, including the NYPD. Mayor Bloomberg is sued in both his individual and official capacities.

11. At all times relevant herein, Raymond Kelly was the Police Commissioner for the

City.

12. At all times relevant herein, Raymond Kelly was NYPD's chief executive and policy maker.

13. At all times relevant herein, Raymond Kelly was responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who were then employed by the NYPD, including the Defendants named herein.

14. Plaintiff sues each and all Defendants (except the CITY) in both their individual and official capacities.

## ALLEGATIONS

15. It is alleged that from August 23 to August 29, 2011, in the County of Kings, the Defendants made unreasonable searches and seizures of the Plaintiff;

16. It is alleged that from August 23 to August 29, 2011, in the County of Kings, the Defendants arrested Plaintiff wrongfully and unlawfully detained him;

17. It is alleged that from August 23 to August 29, 2011, in the County of Kings, the Defendants detained Plaintiff for an excessively long period of six (6) days, before presenting him to a local magistrate for arraignment, thereby violating his rights under the Constitutions, Amendments and Statutes of the United States and New York State.

18. Defendants John Does #1 and #2, officers of the NYPD, effected the arrest of the Plaintiff on or about August 23, 2011.

19. Upon arrest, Defendants John Doe #1 and #2 transported Plaintiff to the headquarters of the 83rd Precinct of the NYPD.

20. The Plaintiff was held at the headquarters of the 83rd Precinct for six (6) days, against his will.

21. During this time, Defendant John Doe #3 informed Plaintiff that Plaintiff was awaiting transportation to the Red Hook Community Justice Center, where he was to be arraigned.

22. During this time, Defendant John Doe #3 informed Plaintiff that John Doe #3 did not want to assign two officers to transport the Plaintiff to the Red Hook Community Justice Center.

23. At all times relevant herein, Plaintiff was prescribed and regularly took several medications for physical pain in the back, acid reflux and depression.

24. At all times relevant herein, Plaintiff informed officers and agents of the City and NYPD that he needed this, his prescribed medication.

25. During his six-day detention in the 83rd Precinct, Plaintiff was refused all his medications.

26. As a result of the Defendants' withholding his medication, Plaintiff suffered pain and physical discomfort, as well as emotional distress.

27. On August 29, 2011, after six days of detention, Plaintiff was transported, not to Red Hook Community Justice Center, but to the Kings County Criminal Court for arraignment.

28. As a result of this unlawful arrest and detention, Plaintiff's employment was terminated.

29. The City has an official policy and/or custom that is administered through its agents and officers, of producing and arraigning some arrestees at the Red Hook Community Justice Center, rather than the Kings County Criminal Court.

30. The Defendant officers had:
    a. no probable cause for the seizure of the Plaintiff; and
    b. no legal cause or excuse to seize the person of the Plaintiff.
31. As a direct and proximate result of the said acts of the Defendant police officers, the Plaintiff suffered the following injuries and damages:
    a. violation of his rights under the New York State and United States Constitutions to be free from an unreasonable search and seizure of his person and property;
    b. loss of his physical liberty, without his consent;
    c. loss of employment; and
    d. emotional trauma and suffering.
32. The actions of the Defendant officers violated the following clearly established and well-settled rights of the Plaintiff:
    a. freedom from the unreasonable search of his person; and
    b. freedom from unreasonable detention of his person.
33. It is further alleged that these violations were committed as a result of policies and customs of the City, its Mayor, Michael Bloomberg, its Police Department, the NYPD, and Police Commissioner Raymond Kelly.
34. That in compliance with the General Municipal Law of the State of New York, on or about September 2, 2011, and within ninety days after the date the incidents and injuries set forth herein were sustained, Plaintiff Victor Olivo duly presented a Notice of Claim to the Defendants City and NYPD, upon which this action is founded.

35. That the claim was duly verified and stated the time, place, cause, nature, and extent of Plaintiffs' causes of action and damages.

36. More than thirty days have elapsed since the presentation of the claim.

## CAUSE I

Unlawful Seizure and Detention Under
42 USC § 1983 Against All Defendants

37. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

38. On August 23, 2011, Plaintiff was arrested without probable cause.

39. Beginning on August 23, 2011 the Defendants detained Plaintiff for six days before a judge of the Criminal Court of Kings County arraigned Plaintiff.

40. The conduct of all of the Defendants violated the right, guaranteed by the Fourth and Fourteenth Amendments and 42 USC §1983, to be free of unreasonable searches and seizures.

41. By virtue of the foregoing, the Plaintiff has been damaged.

## CAUSE II

Unlawful Detention Under 42 USC § 1983
Against All Defendants

42. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

43. On August 23, 2011, Plaintiff was arrested without probable cause.

44. Beginning on August 23, 2011 the Defendants detained/confined Plaintiff for 6 days before a judge of the Criminal Court of Kings County arraigned Plaintiff.

45. Said 6 day period of detention was unlawful.

46. Said 6 day period of detention was unconscionable.

47. Said 6 day period of detention was intentional.

48. Said 6 day period of detention was a result of deliberate indifference and callous disregard of Plaintiff's rights.

49. Said 6 day period of detention deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

50. As a result of the foregoing, the Plaintiff was damaged.

## CAUSE III

Failure to Instruct, Supervise and Control
Cognizable Under *Monell* and 42 USC §1983
Against the City & Commissioner Kelly

51. Plaintiff repeats all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

52. At all times relevant to this complaint, Defendant NYPD officers were acting under the direction and control of their Supervisors and the CITY.

53. The individually cited Defendants were acting pursuant to official policy or practice, custom and usage of the City and NYPD.

54. Acting under color of law, by and through the policy makers of the City and pursuant to the official policy or customs and practice, the City intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the Plaintiff, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendant police officers in the performance of their duties to refrain from:

a. unlawfully and unconstitutionally arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; and

b. unlawfully and unconstitutionally detaining a citizen in violation of clear constitutional and statutory rights, privileges, and immunities.

55. Defendants CITY, KELLY, BLOOMBERG and unidentified supervisors had knowledge of, or, had they diligently exercised their duties to instruct supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, were going to be committed.

56. Defendants CITY, KELLY, BLOOMBERG and unidentified supervisors had power to prevent the commission of said wrongs, could have done so with reasonable diligence, and intentionally, knowingly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to do so.

57. As a result of the foregoing, Plaintiff was deprived of the right to be secure in his person against unreasonable seizure, guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 USC §1983.

58. As a result of the foregoing, the Plaintiff was damaged.

## CAUSE IV

Failure to Intercede to Prevent Violation of
Plaintiff's Constitutional Rights Cognizable
Under 42 § USC 1983 Against John Doe #3

59. By this reference, Plaintiff incorporates each and every allegation and averment set forth in preceding paragraphs of this Complaint as though fully set forth herein.

60. After Plaintiff was wrongly arrested, he was transported to the headquarters of the 83rd Precinct of the New York Police Department where he was detained pending appearance before a magistrate.

61. During Plaintiff's detention, Defendant John Doe #3 was the presiding Desk Sargent.

62. As presiding Desk Sargent, Defendant John Doe #3 was in command of the 83rd Precinct's manpower and resources.

63. Although Defendant John Doe #3 knew that the continued refusal to transport the Plaintiff to a local criminal courthouse for arraignment would violate the Plaintiff's constitutional rights, Defendant John Doe #3 refused to intercede and order that the Plaintiff be transported to a local criminal court for arraignment.

64. Defendant John Doe #3 had an opportunity to intercede on behalf of Plaintiff, to prevent the excessive deprivation of Plaintiff's liberty without Due Process of law under the Fourteenth Amendment of the Constitution the United States.

65. Defendant John Doe #3 had an opportunity to intercede on behalf of Plaintiff, to prevent the excessive deprivation of Plaintiff's liberty that here amounted to Cruel and Unusual Punishment under the Eighth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

66. As a direct and proximate result of Defendant John Doe #3's intentional failure to intercede on behalf of Plaintiff and thus prevent the violation of Plaintiff's constitutional rights as described, all committed under color of law and under his authority as City of New York Police Officer, Plaintiff suffered:

    a. serious bodily harm;
    b. mental anguish;

      c. deprivation of his right to be secure in his person;

      d. unreasonable detention of his person,

all in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

67. As a result of the foregoing, the Plaintiff was damaged.

**WHEREFORE**, the Plaintiff petitions this Court to:

a. Award compensatory damages to Plaintiff against the Defendants;

b. Punitive damages to be determined by the trier of fact;

c. Award costs of this action to the Plaintiff;

d. Award Attorney Fees to Plaintiff's Counsel pursuant to 42 U.S.C. 1988; and

e. Award such other and further relief, as this Court may deem just and proper.

Brooklyn, New York
August 19, 2014

                              Respectfully Submitted,

                              Steven L. Hubert, Esq.
                              Attorney for Plaintiff
                              26 Court Street-Suite 1013
                              Brooklyn, N.Y. 11242
                              718-522-4646

## VERIFICATION

STATE OF NEW YORK  )
                   )ss:
COUNTY OF KINGS    )

VICTOR OLIVO, being duly sworn, says that he is the plaintiff in the foregoing Complaint and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated alleged to be on information and belief and as to those matters he believes them to be true.

_____
VICTOR OLIVO, Affiant

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF KINGS    )

On this 19th day of August, 2014, before me personally came VICTOR OLIVO, to me known and known to me to be the individual described in and who executed the foregoing Affidavit and duly acknowledged to me that he executed the same.

_____
Notary Public

HUBERT
NOTARY PUBLIC, State of New York
No. 02HU4901210
Qualified in Nassau County
Commission Expires January 27, 2018